UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GRISELDA McGEHEE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 3:14-cv-01684 |
| ) | CHIEF JUDGE CRENSHAW |
| DIVERSIFIED GLOBAL SERVICES, ) | |
| LLC, and DEBORAH MILLER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is a Report and Recommendation of the Magistrate Judge ("R&R") (Doc. No. 68) recommending that the Court grant Deborah Miller's Motion to Alter or Amendment the Judgment in this matter. Plaintiffs have filed timely objections to the R&R. (Doc. No. 78.) The Court has reviewed the R&R, the parties' briefs on the original Motion, and conducted a de novo review of the record. For the following reasons, the R&R is **ADOPTED**.

Plaintiffs raise three objections:

1. The R&R misapprehends the nature of the relationship between Miller and attorney P. Edward Schell;
2. The R&R relies on authorities that are inapposite; and
3. The Plaintiffs have presented overwhelming evidence of Schell's authority to accept service of process.

Each objection is targeted at the same fundamental issue: whether Plaintiffs adequately effected service on Miller, entitling them to default judgment for failure to file a responsive pleading.

Plaintiffs filed the Complaint on August 15, 2014, naming as defendants Diversified Global Services, LLC, ("DGS") and Miller, whom the Complaint identified as owning and operating DGS with her partner, David Stevens. (Doc. No. 1 at ¶ 13.) The Complaint pleads a claim under the Fair

Labor Standards Act, 29 U.S.C. 201 et seq., and a claim of common law fraud. (Id. at ¶¶ 39–58.) One summons issued to DGS, care of Stevens as its registered agent, and another issued to Miller. (Doc. No. 1-2.) The summons to DGS was returned as served by certified mail with return receipt (Doc. No. 5), and the summons to Miller was returned as having been served on Schell (Doc. No. 6). On January 22, 2015, Plaintiffs moved for default judgment against DGS (Doc. No. 12), which was granted on February 10, 2015 (Doc. No. 14). On March 17, 2016, Plaintiffs moved for default judgment against Miller (Doc. No. 29), which was granted on April 11, 2016 (Doc. No. 32). On May 9, 2016, Miller filed the Motion to Alter Judgment (Doc. No. 43), accompanied by an affidavit by Miller attesting that she never hired Schell as her attorney and never authorized him to accept service on her behalf (Doc. No. 43-1 at ¶¶ 5–6).

  The R&R ably summarizes the available evidence regarding whether Schell was authorized to accept service on behalf of Miller, as well as the law governing service of process and motions for relief from a default judgment. Plaintiffs' first objection erroneously focuses on the question of whether there was a formal attorney-client relationship between Miller and Schell. As the R&R explains, an attorney-client relationship is not alone legally sufficient to render service via the attorney adequate. (Doc. No. 68 (R&R) at 8–9.) Plaintiffs' second objection seeks to distinguish several cases relied upon by the R&R. Plaintiffs, however, fail to identify any alternative authority for their position that the existence of a bare attorney-client relationship related to his matter was sufficient to make service on Schell sufficient. Plaintiffs' third objection emphasizes the evidence that Miller was aware of the lawsuit and allowed Plaintiffs to proceed for two years without warning them that she would contest the adequacy of service. As the R&R explains, these equitable concerns are not sufficient to redeem an otherwise void judgment. (Id. at 6.) Plaintiffs' objections are therefore overruled.

For the above reasons, the R&R is **ADOPTED** and Deborah Miller's Motion to Alter or Amendment the Judgment is **GRANTED**. Plaintiff shall have thirty days from the date of this Order to serve Miller.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE